UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER JOSHUA LABRECK,

    Plaintiff,

                                          Case No. 11-11328

v.

                                          Hon. John Corbett O'Meara

PAUL ANTHONY ESPOSITO, *et al.*,

    Defendants.
_____/

**ORDER GRANTING APPLICATION TO PROCEED**
***IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

Appearing pro se, Peter Joshua Labreck filed a complaint on March 31, 2011, against Paul Anthony Esposito, Lexor Group, Inc., Louis Piccariello, Marquis Homes, LLC, and Lexor Group Development. Plaintiff also filed an application to proceed *in forma pauperis*. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. See 28 U.S.C. § 1915(a); Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The substantive allegations in Plaintiff's complaint are as follows:

> 2) All Defendants singularly and/or in concerted activities
> conspired with parties unknown (to wit: a Charter Township of
> Clinton Township Police Chief, and/or a District/Circuit Court of
> Macomb County Judge), to deprive Plaintiff of his civil and/or
> constitutional rights, in violation of 42 U.S.C. § 1983.
> (3) On or about May 2008, Defendants singularly and/or in

>concerted activities conspired with parties unknown (to wit: a Charter Township of Clinton Police Chief, and/or a District/Circuit Court of Macomb County Judge), to fraudulently and illegally convert to Defendants own use property owned by the Plaintiff. The property fraudulently and illegally converted consists of: designer clothing; jewelry; computer and electronic equipment; furniture; cash.  The property is worth in excess of: $250,000.
>
>(4) On or about April 2007, Defendants singularly and/or in concerted activities entered into an agreement to lease, from Plaintiff, real property commonly known as 43855 Harlequin Lane, Clinton Township, MI 48038, for three (3) years, at $2,300.00 per month, total payment of: $82,800.00.  Defendants paid a total of $11,500.00, with a total amount outstanding of: $71,300.00.
>
>(5) Therefore, Plaintiff demands judgment against Defendants jointly and singularly, in the amount of $321,300.

In essence, Plaintiff alleges claims of conversion and breach of contract, which arise under state law.  There are two ways in which the court can exercise jurisdiction over Plaintiff's state claims: (1) if the parties are completely diverse (citizens of different states) and the amount in controversy exceeds $75,000; or (2) if the state claims are supplemental to properly alleged federal claims.  See 28 U.S.C. §§ 1331, 1332, 1367.

In this case, the parties are all Michigan residents; therefore, diversity jurisdiction does not exist.  Further, the court finds that Plaintiff has not stated a claim under federal law.  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege the following "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir.1995) (internal quotation marks and citation omitted).  In general, § 1983 claims cannot proceed against private parties such as Defendants, unless those parties are alleged to be state actors.  See Tahfs v. Proctor, 316 F.3d 584, 590-93 (6th Cir. 2003).  Although Plaintiff alleges that

Defendants acted in concert with the police and/or a judge, Plaintiff alleges no facts supporting that allegation. Such general and conclusory allegations of corrupt action – without describing the action or the individuals involved – are not sufficient to state a claim under § 1983. See id. at 593. Therefore, the court will dismiss Plaintiff's § 1983 claim.

The court will also decline to exercise supplemental jurisdiction over Plaintiff's state law claims, which can be pursued in state court. See Musson v. Federal Express Corp., 89 F.3d 1244, 1255 (6th 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: May 12, 2011

I hereby certify that a copy of the foregoing document was served upon Plaintiff on this date, May 12, 2011, at P.O. Box 436017-350851, Pontiac, MI 48343-6017 by first-class U.S. mail.

                                        s/William Barkholz
                                        Case Manager