UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER LABRECK,

        Plaintiff,        CIVIL ACTION NO. 11-11328

                              HONORABLE JOHN CORBETT O'MEARA

v.

                              MAGISTRATE JUDGE MARK A. RANDON

PAUL ESPOSITO, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS POSAVETZ, STACHOWSKI AND STAFFORD'S MOTION TO DISMISS (DKT. NO. 15); TO DISMISS DEFENDANT LUCIDO BASED ON HIS JOINDER AND CONCURRENCE (DKT. NO. 26); TO DENY DEFENDANT LUCIDO'S MOTION TO DISMISS (DKT. NO. 21) AS MOOT; AND TO DENY PLAINTIFF'S MOTION FOR COURT ASSISTED DISCOVERY (DKT. NO. 29)**

**I.    INTRODUCTION**

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983 (Dkt. No. 1). Plaintiff, Peter Labreck, alleges that several individuals, business entities and government officials engaged in a conspiracy to unlawfully seize his cash, designer clothing, jewelry, computer, electronic equipment and furniture. After the statute of limitations expired, Plaintiff filed an Amended Complaint – adding four new Defendants: Fred Posavetz, James Stachowski, Officer Stafford and Sebastian Lucido (collectively "the Government Defendants")[1] (Dkt. No. 7). District Judge John Corbett O'Meara referred the case to this Magistrate Judge for all pretrial matters (Dkt. No. 11).

---

[1] Lucido is a Michigan Judge; Posavetz, Stachowski, Stafford are employees of the Clinton Township Police Department.

Two dispositive motions are pending: (1) Posavetz, Stachowski and Stafford's motion to dismiss (Dkt. No. 15)[2], and (2) Lucido's motion to dismiss (Dkt. No. 21). Lucido also concurs with, and requests to join, the relief sought by Posavetz, Stachowski and Stafford (Dkt. No. 26).

Plaintiff responded to Posavetz, Stachowski and Stafford's motion on October 11, 2012 (Dkt. No. 24), and they filed a reply on October 16, 2012 (Dkt. No. 25). Plaintiff did not respond to Lucido's motion.[3]

Because under Michigan law, the addition of new parties does not relate-back to the date of the original pleading, this Magistrate Judge **RECOMMENDS** that Plaintiff's time-barred claims against the Government Defendants be **DISMISSED WITH PREJUDICE**.

## II.  FACTS

Plaintiff's Complaint was filed on March 31, 2011 (Dkt. No. 1). The Complaint did not name the Government Defendants as parties.

---

[2] The motion to dismiss is titled:"Motion for Summary Disposition Pursuant to FRCP 12(B)(6)."

[3] On October 9, 2012, this Magistrate Judge ordered Plaintiff to respond by November 23, 2012 (Dkt. No. 22). On November 8, 2012, Plaintiff filed a Motion for Court Assisted Discovery Related to Defendants Motions for Summary Judgment and to Extend Time to Respond to Summary Judgment Motions (Dkt. No. 29), and on November 28, 2012, the Court received Plaintiff's Addendum to his Motion for Court Assisted Discovery (not yet docketed). Plaintiff asks the Court to deny Defendants' motions as meritless, or find that the statute of limitations did not accure until after the conspiracy ended (which has not occurred yet). If the Court does not deny Defendants' motions, Plaintiff asks the Court to extend the deadline for Plaintiff's response until after he receives discovery related to when the United States Marshal Service effectuated service. This Magistrate Judge finds Defendants' motions have merit, and the statute of limitations accured on May 28, 2008 when Plaintiff knew or should have known of the conspiracy. *See Yee v. Michigan Supreme Court*, 2007 WL 200952 at *2 (E.D. Mich. Jan. 23, 2007) (citation omitted) (the statute of limitations for civil conspiracy is three years). More importantly, Plaintiff concedes that "the violation of [his] civil/constitutional rights occurred on May 28, 2008" (Dkt. No. 24, p. 2). The Court denies Plaintiff's request for an extension, because the discovery he seeks is not relevant to this Magistrate Judge's reasoning for recommending dismissal, and his motion contains enough substance that it can be construed as a response to Defendants' motions.

On July 5, 2011, Plaintiff filed a motion for leave to file an amended complaint "to add Chief Posavetz and Judge Lucido as defendants" (Dkt. No. 5, p. 4).[4] Judge O'Meara granted Plaintiff's motion on October 28, 2011(Dkt. No. 6), and Plaintiff filed his Amended Complaint on November 21, 2011. (Dkt. No. 7). The Amended Complaint adds the Government Defendants as parties and involves claims that occurred on or about May 28, 2008 (Dkt. No. 7, p. 4, ¶ 5).

The Government Defendants argue that Plaintiff's claims are barred by the statute of limitations; Plaintiff responds that he filed his Complaint on March 31, 2011 – before the statute of limitations expired.

## III. ANALYSIS

The applicable statute of limitations for §1983 cases in Michigan is three years. *See McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Plaintiff concedes that his claims accrued on May 28, 2008 (Dkt. No. 24 at p. 2); he added the Government Defendants as parties – more than three years later – on November 21, 2011. Therefore, Plaintiff's claims against the Government Defendants are time-barred unless the amendment relates back to the date of his original Complaint. It does not.

The relation back of amendments is controlled by Fed. R. Civ. P. 15(c) which provides:

**c) Relation Back of Amendments**.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

---

[4] The request was made as part of Plaintiff's Motion for Reconsideration/to Set Aside Judgement, because Judge John Corbett O'Meara had dismissed Plaintiff's Complaint for failure to state a federal claim and declined to exercise supplemental jurisdiction over his state law claims (Dkt. No. 3).

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Of the three circumstances when an amendment relates back to the date of the original pleading, only subsection (A) applies to Plaintiff's amendment to add the Government Defendants as parties.[5]  But, Michigan law is clear: "the relation-back doctrine does not apply to the addition of new parties." *Miller v. Chapman Contracting*, 477 Mich. 102, 106, 730 N.W.2d 462 (2007) (quoting *Cowles v. Bank West*, 263 Mich. App. 213, 229, 687 N.W.2d 603 (2004) *aff'd in part, vacated in part, and remanded* 476 Mich. 1, 719 N.W.2d 94 (2006)). *See also, Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (affirming the district court's dismissal where the plaintiffs filed an amended complaint substituting named officers for "unnamed police officers" after the statute of limitations expired).  Therefore, this Magistrate Judge finds Plaintiff's claims against the Government Defendants are barred by the statute of limitations.

---

[5] Plaintiff is adding a party, not asserting "a claim or defense." Fed. R. Civ. P. 15(c)(1)(B).  Plaintiff is not changing "the party or the naming of the party"; the Government Defendants were never named as Defendants or even "Doe" defendants. *See* Dkt. No. 1, p. 2 ("Defendant's Information"). And, in any event, Plaintiff cannot meet the requirements of subsection (i) or (ii). Fed. R. Civ. P. 15(c)(1)(C).

### III. CONCLUSION

For the above-stated reasons, Posavetz, Stachowski, Stafford's motion to dismiss (Dkt. No. 15) should be **GRANTED**, and Plaintiff's claims against Defendants Posavetz, Stachowski, Stafford *and* Lucido should be **DISMISSED WITH PREJUDICE**. Lucido's motion to dismiss (Dkt. No. 21) should be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
Mark A. Randon<br>
United States Magistrate Judge

Dated: November 29, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 29, 2012, by electronic and/or ordinary mail.*

*s/Melody Miles*
*Case Manager*