UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER JOSHUA LABRECK,

        Plaintiff,        CIVIL ACTION NO. 11-11328

                              DISTRICT JUDGE JOHN CORBETT O'MEARA

                              MAGISTRATE JUDGE MARK A. RANDON

PAUL ANTHONY ESPOSITO,
LEXOR GROUP INCORPORATED,
LOUIS PICCARIELLO,
MARQUIS HOMES, LLC,
LEXOR GROUP DEVELOPMENT,

        Defendants.
_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY DISPOSITION PURSUANT TO FED. R. CIV. P. 12(B)(6) AND (C) (DKT. NO. 47)

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983 (Dkt. No. 1). Plaintiff, Peter Labreck, alleges that several individuals, business entities and government officials engaged in a conspiracy to unlawfully seize his home, cash, designer clothing, jewelry, computer, electronic equipment and furniture. Labreck filed an Amended Complaint on November 21, 2011 (Dkt. No. 7).

This matter is before the Court on Defendants Paul Anthony Esposito, Lexor Group Incorporated, Louis Piccariello, Marquis Homes, LLC, and Lexor Group Development's (collectively "Defendants") motion for summary disposition pursuant to Fed. R. Civ. P. 12(b)(6) and (c) (Dkt. No. 47). The Court ordered Labreck to respond by August 29, 2013 (Dkt. No. 51) and extended the response date, at Labreck's request, to September 30, 2013 (Dkt. No. 53). On

October 1, 2013, Labreck asked the Court to relieve him of the requirement to respond to Defendants' motion because "situations within the [Wayne County] jail . . . make it impossible for [him] to comply with this Court's August 21, 2013[] Order (Dkt. No. 55 at ¶1).[1] Labreck is not required to respond, and this Magistrate Judge has carefully reviewed his Amended Complaint.[2]

Because Labreck's Amended Complaint fails to allege a plausible conspiracy claim, and Defendants are not state actors capable of being sued under § 1983, this Magistrate Judge **RECOMMENDS** that Defendants' motion be **GRANTED**, the Court **DECLINE** to exercise supplemental jurisdiction over any state law claims, and Labreck's federal claims be **DISMISSED WITH PREJUDICE**.

## II.  BACKGROUND[3]

Labreck purchased a home in Clinton Township, Michigan on April 27, 2007 ("the Property"). Subsequently, he verbally agreed to lease the Property to Defendants for use as a "builder's model." The agreement was later reduced to writing. On February 5, 2008, Labreck terminated the lease, converted Defendants' office into a garage, and made the Property his primary residence.[4]

---

[1]Labreck also asks the Court to confirm that John A. Dolan actually represents Defendants. While Mr. Dolan did not file an appearance for Defendants, their motion clearly states that they are represented by Mr. Dolan's firm, York, Dolan & Tomlinson, P.C. (Dkt. No. 47 at p. 1 (CM/ECF)), and it is signed by Mr. Dolan as "Attorney for Defendants" (Dkt. No. 47 at p. 3 (CM/ECF)). As such, this Magistrate Judge finds Mr. Dolan represents Defendants.

[2]Defendants filed a reply on October 3, 2013 (Dkt. No. 56).

[3]The facts are set forth in the light most favorable to Labreck.

[4]Attached to Labreck's Amended Complaint is a Clinton Township Police General Incident Report dated May 28, 2008. In the report, Paul Esposito is said to have advised the police that

Labreck was later incarcerated, but allowed his girlfriend, Cassandra Madden, to reside at the Property. On May 28, 2008, Defendants learned that Labreck was incarcerated. Defendants then conspired with Fred Posavetz, James Stachowski, Officer Stafford, and Sebastian Lucido to violate Labreck's Fourth, Fifth, and Fourteenth Amendment rights by converting the Property – and Labreck's personal property – to Defendants' own use.[5] Specifically, Defendants informed the Clinton Township Police that Ms. Madden was trespassing on the Property; Lucido informed Posavetz of his determination that anyone on the Property was trespassing; and, Stachowski and Officer Stafford – knowing that the Property belonged to Labreck, and Ms. Madden had Labreck's permission to live at the Property – forced Ms. Madden to vacate the Property by issuing her a trespassing ticket and threatening to arrest her if she returned.

## III. STANDARD OF REVIEW

The standard of review applicable to motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is the same as the standard for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the

---

Labreck and his girlfriend forced their way back into the Property – apparently, while the lease was still in effect.

[5]Defendant Lucido is a Michigan Judge; Posavetz, Stachowski, and Stafford are employees of the Clinton Township Police Department. Labreck's claims against these defendants were dismissed on February 13, 2013 as time barred (Dkt. No. 39).

5:11-cv-11328-JCO-PJK   Doc # 57   Filed 10/07/13   Pg 4 of 8   Pg ID 298

plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 678. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

A court may consider a document that is not formally incorporated by reference or attached to a complaint if the document(s) is referred to in the complaint and is central to the

plaintiff's claim.  *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).  The Court's consideration of the document(s) does not require conversion of the motion to one for summary judgment.  *Id.*  A court may also consider "matters of public record" when considering a motion to dismiss under Rule 12(b)(6).  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

IV.   ANALYSIS

    *A.   Civil Conspiracy Under 42 U.S.C. § 1983*

A civil conspiracy under 42 U.S.C. § 1983 is an agreement between two or more persons to injure another by unlawful action.  Labreck must demonstrate: (1) that a single plan existed; (2) the alleged coconspirators shared in the general conspiratorial objective; and, (3) an overt act was committed in furtherance of the conspiracy.  *Weberg v. Franks*, 229 F.3d 514, 526 (6th Cir. 2000).  Under § 1983, Labreck must show some evidence of coordinated actions between the alleged conspirators.  *Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996).  Conclusory or vague accusations that do not describe some "meeting of the minds" cannot state a claim for relief.  *Naguib v. Illinois Dep't of Prof'l Regulation*, 986 F.Supp. 1082, 1092 (N.D. Ill. 1997); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("pleading requirements governing civil conspiracies are relatively strict").

Labreck has not alleged coordinated actions sufficient to maintain a conspiracy claim.  His Amended Complaint lacks facts indicating a meeting of the minds; conclusory labeling of Defendants as co-conspirators, without more, is insufficient to state a claim as a matter of law and should be dismissed.  *Ashcroft*, 556 U.S. at 663 ("tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions"); *Hartsfield v.*

*Mayer*, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996) ("[plaintiff's] vague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim or withstand a motion for summary judgment.").

### B. Acting Under the Color of State Law

Labreck's Amended Complaint should also be dismissed because Defendants are not "state actors" and did not act "under color of state law." *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). In order to establish a claim under 42 U.S.C. § 1983, Labreck must set forth facts that clearly establish: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) [that has been] caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

There are limited circumstances where a private party can be sued under § 1983, but none are applicable to Labreck's allegations. For instance, "[a] private party's actions constitute state action . . . where those actions may be 'fairly attributable to the state.'" *Chapman v. Higbee*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). The Sixth Circuit has recognized three tests to determine whether a private party may be considered a state actor: (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *Id.* As explained by the Sixth Circuit:

> The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state . . . ." The typical examples are running elections or eminent domain. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the actions taken may be attributed to the state.

*Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (internal citations omitted). But, under none of these tests does "[p]roviding information to the police . . . expose a private individual to liability for actions taken 'under color of law.'" *Moldowan*, 578 F.3d at 399 (citations omitted).

## V. CONCLUSION

Because Labreck's Amended Complaint fails to allege a plausible conspiracy claim, and Defendants are not state actors capable of being sued under § 1983, this Magistrate Judge **RECOMMENDS** that Defendants' motion be **GRANTED**, the Court **DECLINE** to exercise supplemental jurisdiction over any state law claims, and Labreck's federal claims be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and

a reply brief may be filed within seven (7) days of service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

                                                                   s/Mark A. Randon
                                                                   MARK A. RANDON
                                                                   UNITED STATES MAGISTRATE JUDGE

Dated: October 7, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 7, 2013, by electronic and/or ordinary mail.*

                                              *s/Eddrey Butts*
                                              *Case Manager to Magistrate Judge Mark A. Randon*